(104 So. 678)

## WISDOM v. STATE. (8 Div. 203.)

(Court of Appeals of Alabama. May 12, 1925. Rehearing Denied June 9, 1925.)

**Intoxicating liquors ⚓238(2)—Whether defendant was making whisky and interested in still held for jury.**

Whether defendant, present at still while whisky was being made, was making or merely drinking it, and owned or was interested in still, *held* for jury.

Appeal from Circuit Court, Lauderdale County; Arthur E. Gamble, Judge.

John Wisdom was convicted of distilling, and he appeals. Affirmed.

Bradshaw & Barnett, of Florence, for appellant.

The evidence was not sufficient to sustain a conviction. Seigler v. State, 19 Ala. App. 135, 95 So. 563; Medders v. State, 19 Ala. App. 628, 99 So. 776.

Harwell G. Davis, Atty. Gen., for the State.

RICE, J. The defendant was, on September 25, 1923, convicted of the offense of distilling, and sentenced to a term in the penitentiary of this state. He gave notice of appeal and was released on bond, and is yet at liberty. The appeal was not submitted in this court until March 19, 1925, and it seems that fault can be laid at the door of no particular person or official. Manifestly a system, that permits such delay in the perfection and prosecution of appeals in criminal cases, tends to bring the administration of justice, in our state, into disrepute. But the court can digress no further, and is able to do no more than to call attention to the situation.

The appellant, with several others, was found, according to the state's testimony, present at a still which was in full operation, and from which whisky, that was being manufactured, was flowing. It was in December, and the said appellant had off his jumper, his sleeves rolled up, and was, when the witnesses walked up, in the act of changing the water in the "flake stand." When accosted he stated that "he was making whisky."

The defendant did not deny his presence at the still, nor that whisky was being made, but did deny any connection with making the whisky, or that he owned or was interested in the still. He denied stating that "he was making whisky" but said that he stated "he was drinking whisky." The case was properly submitted to the jury.

We have examined each of the exceptions reserved, both on questions of evidence, and as to the refusal of certain written charges. Only elementary legal principles are involved, and no error prejudicial to any right of defendant appears.

Let the judgment be affirmed.
Affirmed.